**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AMARI J. MOODY,<br><br>Plaintiff,<br><br>v.<br><br>MARK H. COHEN *et al*.,<br><br>Defendants. | ) | Civil Action No. 26-02055 (UNA) |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a "Complaint for Violation of Constitutional Rights Under Bivens v. Six Unknown Named Agents and 18 U.S.C. § 242" and an application to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP application and dismisses the complaint.

Plaintiff is a resident of Dacula, Georgia. He sues in their individual capacities U.S. District Judge Mark H. Cohen and U.S. Magistrate Judge Catherine M. Salinas of the Northern District of Georgia, as well as Clerk of Court Kevin P. Weimer, a Deputy Clerk, and Judge Cohen's Courtroom Deputy. Compl. Caption. In the prolix complaint, ECF No. 1, Plaintiff alleges constitutional violations "across four active civil proceedings" stemming from a "service freeze in every Salinas order," Judge Salinas' "IFP orders," Compl. ¶¶ 5, 10, and Judge Cohen's "TRO denial . . . frivolity order . . . ex parte paper-only compliance orders . . . . and . . . dismissal order." *Id*. ¶ 9. Plaintiff faults (1) the Courtroom Deputy for allegedly failing to docket documents sent to "her official government email address," failing "to route [an] ECF permission motion addressed directly to Cohen" and issuing "a paper-only directive based on a local rule," *id*. ¶ 11;

(2) the Clerk of Court for communicating "in writing on official court letterhead" the "legal basis for denying an accommodation request" and for issuing "a blanket prospective filing bar" from emailing documents to that court "following consultation with the Chief Judge," *id*. ¶ 12; and (3) the Deputy Clerk for entering "the May 18, 2026 Clerk's Judgment," *id*. ¶ 13.

Plaintiff brings this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 18 U.S.C. § 242, which is a criminal statute lacking a private right of action. *Johnson v. District of Columbia Criminal Justice Act*, 305 F. App'x 662 (D.C. Cir. 2008) (per curiam). He seeks compensatory and punitive damages and equitable relief. *See* Compl. at 12-13. "For people in Bivens' shoes," however, "it is damages or nothing." *Bivens*, 403 U.S. at 410 (Harlan, J., concurring in judgment); *see Wilson v. Layne*, 526 U.S. 603, 609 (1999) (*Bivens* "allow[s] a plaintiff to seek money damages from government officials who have violated his [constitutional] rights.); *Simpkins v. District of Columbia Government*, 108 F.3d 366, 369 (D.C. Cir. 1997) ("*Bivens* actions are for damages.").

An "*in forma pauperis* complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981) (citations omitted). Such applies here because judges are absolutely immune from suits for damages premised on "actions taken in [their] judicial capacity" within their jurisdiction, and "clerks, like judges, are immune" from suits for damages premised on their "performance of tasks that are an integral part of the judicial process," such as alleged here. *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see id*.at 1461 (describing shielded activities). Defendants' immunity extends to any allegations of "judicial mistakes or wrongs," which "are open to correction through ordinary mechanisms of review[.]" *Forrester v. White*, 484 U.S. 219, 227 (1988). Immunity aside, this action brought

principally against federal judges who have "done nothing more than their duty" is not only "meritless," *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995), but is "patently frivolous," *Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C.), *aff'd*, 455 F. App'x. 1 (D.C. Cir. 2011) (per curiam). Therefore, this case will be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

A separate order accompanies this opinion.

_________/s/___________
AMIT P. MEHTA
United States District Judge

Date: August 19, 2026